# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| SNUGGLYCAT, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 18-03110-CV-S-SRB |
| ) | |
| OPFER COMMUNICATIONS, INC. ET AL , ) | |
| ) | |
| Defendants. ) | |

## SCHEDULING AND TRIAL ORDER FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 16(b) and 26(f), and upon consideration of the parties' proposals in the matter, the following schedule is hereby established:

1. TRIAL SETTING. This case is scheduled for a jury trial, commencing **June 24, 2019**, at the United States District Courthouse in **Springfield**, Missouri.

2. PRETRIAL CONFERENCE. A final pretrial conference in this case will be held at **10:30 a.m. on June 7, 2019**, at the United States District Courthouse in **Springfield,** Missouri. Lead trial counsel shall participate in this conference.

3. MOTION TO AMEND PLEADINGS.  Any motion to amend the pleadings shall be filed on or before **July 26, 2018**.

4. MOTION TO JOIN ADDITIONAL PARTIES.  Any motion to join additional parties shall be filed on or before **July 26, 2018**.

6. DISCOVERY

   a. DISCOVERY DEADLINE.

   All pretrial discovery authorized by the Federal Rules of Civil Procedure shall be completed on or before **December 15, 2018**. ("Closure Date"). This means that all discovery shall be completed, not simply submitted, on the Closure Date. Accordingly, all discovery requests and depositions shall be submitted and/or scheduled prior to the Closure Date and allow sufficient time for completion within the time specified by the Federal Rules of Civil Procedure, the Local Court Rules, and/or orders of this Court. Discovery shall not be conducted after the Closure Date, except by Order of the Court for good cause shown. Nothing contained herein shall excuse a party from the continuing obligation to update discovery responses in accordance with Fed. R. Civ. P. 26(e).

   b. DISCOVERY MOTIONS.

   The Court will not entertain any discovery motion absent full compliance with Local Rule 37.1. In the event that a teleconference is needed, email your request to the Courtroom Deputy at tracy_diefenbach@mow.uscourts.gov. A memorandum of the discovery dispute, not to exceed two pages in length, should be electronically submitted by each party no later than twenty-four hours prior to the teleconference.

   c. EXPERT DESIGNATION DEADLINES.

   Each plaintiff shall designate any expert witnesses it intends to call at trial on or before **August 1, 2018**. Each defendant shall designate any expert witnesses it intends to call at trial on or before **September 15, 2018**. This paragraph applies to all witnesses from whom expert opinions will be elicited at trial, regardless of whether the witness was specially retained to provide trial testimony. Each party shall ensure compliance with Fed. R. Civ. P. 26(a)(2)(B) at the time of the party's expert witness designations. Expert witnesses may testify only as to matters contained in the report required by Rule 26(a)(2)(B), unless leave of Court is granted upon good cause shown.

   With respect to treating physicians, coroners and like professionals not retained to testify for a party, the report requirements of this Order may be satisfied by providing a copy of all the treating physician's files, records and notes relating to the treating physician's patient to the opposing party. For the purpose of this paragraph, a "treating physician" is a doctor (including psychiatrist, dentist or other practitioner of the healing arts) retained by a party prior to retaining counsel in this matter. A treating physician will not be allowed to give expert testimony beyond the treatment provided by said physician unless designated as an expert. A treating physician who will provide expert testimony beyond the treatment

provided by said physician must further comply with the requirements of this Order.

7. DISPOSITIVE MOTION DEADLINE. All dispositive motions, except those under Rule 12(h)(2) or (3), shall be filed on or before **January 15, 2019.** All dispositive motions shall have a separate section wherein each statement of fact is individually numbered so that any party opposing such motion may refer specifically to a genuine issue of material fact. Suggestions in opposition to a dispositive motion shall begin with a concise listing of material facts as to which the party contends a genuine dispute exists. All motions for summary judgment shall comply with Local Rules 7.0 and 56.1.

8. *DAUBERT* MOTION DEADLINE: All motions to strike expert designations or preclude expert testimony premised on *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), shall be filed on or before **January 15, 2019**. The deadline for filing motions in limine does not apply to these motions. Failure to file a *Daubert* motion prior to this deadline will constitute waiver of any arguments based on *Daubert*.

9. PRETRIAL CONFERENCE DOCUMENT DEADLINES. The documents listed below shall be filed prior to the pretrial conference.

    a. Motions in Limine. Motions in limine shall be filed at least ten (10) business days prior to the final pretrial conference. Responses to motions in limine shall be filed within the time limit allowed by Local Rule 7.0 or at least three (3) business days prior to the final pretrial conference whichever is earlier. In order to ensure efficient use of trial time, the parties are encouraged to file motions in limine relating to key evidentiary issues.

    b. Stipulation of Uncontroverted Facts. At least three (3) business days prior to the final pretrial conference, the parties may file a stipulation of any uncontroverted facts.

    c. Witness List. At least ten (10) business days prior to the final pretrial conference, each party shall file and serve a list of all witnesses who may be called to testify at trial. If a witness is not listed by a party, that witness will not be permitted to

testify absent leave of Court and then only for the purpose of unanticipated rebuttal or impeachment.

d. Exhibit Index. At least five (5) business days prior to the final pretrial conference, each party shall file and serve an exhibit index of all exhibits that may be offered at trial. If an exhibit is not listed by a party, that exhibit will not be admitted absent leave of Court. The exhibit index should be prepared on a form provided by the Clerk's office that can be found at http://www.mow.uscourts.gov/forms.html#district. Each exhibit will be designated as either "Plaintiff's" or "Defendant's," numbered with an Arabic numeral, and described following the enumeration. If an exhibit consists of more than one (1) page or part, the number of pages or parts shall be included in the description. The exhibit number must be marked on each exhibit at the time of listing. It is not necessary to include exhibits to be used only for impeachment or rebuttal purposes. After the time for filing the exhibit index has expired, no supplemental or amended index will be filed without leave of Court for good cause shown.

e. Stipulation as to the Admissibility of Evidence. At least three (3) business days prior to the final pretrial conference, the parties shall file a stipulation as to the admissibility of evidence, listing the exhibits for which authenticity and foundation are not contested.

f. Designation of Deposition Testimony. Fifteen (15) business days prior to the final pretrial conference, each party shall file and serve a designation, by page and line number, of any deposition testimony to be offered in evidence by that party.

g. Objections to Designated Deposition Testimony and Counter Designation. At least ten (10) business days prior to the final pretrial conference, each party shall file and serve:

   i. Any objections to proposed deposition testimony designated by any other party; and

   ii. A designation, by page and line number, of any deposition testimony to be offered as counter-designation to deposition testimony designated by other parties.

h. Objections to Counter Designations. At least seven (7) business days prior to the final pretrial conference, each party shall file and serve any objections to proposed deposition testimony offered as a counter-designation by other parties.

i. Submission of Deposition Designations. At least seven (7) business days prior to the final pretrial conference, the Court should receive deposition designations in the following manner:

4

i. The parties are to jointly submit one mini-script copy of each designated deposition.

ii. Each party is to highlight the portion of the deposition they want to designate, including counter-designations.

iii. Each party should use a different highlight color to indicate their designations (for example, plaintiff uses yellow; defendant uses blue).

iv. Each party should also indicate their objections on the actual deposition by bracketing those portions in the margin of the deposition, again using a different color to indicate the portion to which each party objects.

v. Each party should submit to the Court a Word version document of the Objections to Deposition Designations that the party filed in CM/ECF. Send that via email to the Courtroom Deputy at tracy_diefenbach@mow.uscourts.gov.

j. Jury Instructions.

i. At least ten (10) business days prior to the final pretrial conference, the parties shall jointly file an original (without sources) set and an annotated (with sources) set of proposed jury instructions. Proposed instructions shall reflect the authorities upon which the instruction is based and should be taken from or drawn in the manner of *Model Civil Jury Instructions for the District of Courts of the Eighth Circuit* and/or *Missouri Approved Instructions* (MAI) where available and appropriate. All instructions shall be designated as Instruction No. ___.

ii. The Court prefers to receive joint instructions from the parties. Separate instructions are appropriate only when the parties cannot agree upon a specific instruction. In that instance, the parties shall jointly submit the instructions upon which they agree. Each party shall submit its proposed version of the instructions upon which the parties do not agree, along with a written objection to the other party's version.

iii. The instructions should also be submitted to the Court electronically, in Word format. Instructions should be sent via email to the Courtroom Deputy at tracy_diefenbach@mow.uscourts.gov.

10. TRIAL DOCUMENT DEADLINES AND TRIAL PROCEDURE.

a. Trial Brief. At least five (5) business days prior to trial, counsel for each party may file a trial brief stating the party's factual and legal contentions in the case. The trial brief should address any important evidentiary issues.

b. Jury Statement. At least five (5) business days prior to trial, counsel for each party shall agree upon a statement to be read to the jury setting forth the background of the case and the claims to be asserted. This statement will be read to the jury panel prior to voir dire. The jury statement shall be emailed in Word format to the Courtroom Deputy at tracy_diefenbach@mow.uscourts.gov.

c. The Court may place time limits on opening statements, and direct and cross-examination of all witnesses. Counsel should be prepared to support their representations as to the length of trial.

11. MISCELLANEOUS.

   a. All motions for extension of time pursuant to Fed. R. Civ. P. 6(b), 31, 33, 34, or 36 should be filed at least seven (7) days before the date of the original deadline and must state:

       i. The date when the pleading, response, or other action is/was first due;

       ii. The number of previous extensions and the date the last extension expires;

       iii. The cause for the requested extension, including a statement as to why the action due has not been completed in the allotted time; and

       iv. Whether the requested extension is approved or opposed by opposing counsel (agreement by counsel of a requested extension is not binding on the Court).

   b. All motions requesting leave to depart from Local Rule 7.0(f) page limitation must state:

       i. The number of previous requests for leave;

       ii. The particular reason for the request for leave, including a specific statement as to why the action due cannot be completed within the allotted page limit; and

       iii. Whether the request for leave is approved or opposed by opposing counsel (agreement by counsel of a request for leave is not binding on the Court).

   c. The parties should not submit proposed orders in conjunction with routine motions, *e.g.* motions for extension of time and motions to modify the scheduling order. The parties shall submit proposed orders in conjunction with all motions, other than dispositive motions, in which a specific, substantive ruling is sought by the Court, *e.g.* motions for entry of consent judgment, motions for temporary restraining order, motions for entry of a preliminary injunction, and motions for

6

entry of a protective order. Such proposed orders shall be emailed in Word format to the Courtroom Deputy at tracy_diefenbach@mow.uscourts.gov.

d. The dispositive motion date, final pretrial conference date, and trial date shall be changed only by leave of Court.

e. Any questions about this scheduling order or the procedures to be followed when practicing in this division should be directed to the Courtroom Deputy, Tracy Diefenbach, at tracy_diefenbach@mow.uscourts.gov.

IT IS SO ORDERED.

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: June 27, 2018